**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 10-2329

———————

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

v.

GEO. V. HAMILTON, INC.,

Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court  No. 2-08-cv-00646
District Judge: The Honorable Gary L. Lancaster

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 27, 2011

Before: McKEE, *Chief Judge*, and SMITH, *Circuit Judges*,
and STEARNS, *District Judge**

(Filed:  February 1, 2011)

———————

OPINION

———————

STEARNS, *District Judge.*

———————

* The Honorable Richard G. Stearns, United States District Judge for the United
States District Court of Massachusetts, sitting by designation.

George V. Hamilton, Inc. (GVH) appeals from the District Court's denial of its motion for summary judgment and the allowance of Nationwide Mutual Life Insurance Company's (Nationwide) motion to compel arbitration.[1] The underlying facts of this appeal are set out in a previous Third Circuit opinion in this case and need not be repeated here at any length. *See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.,* 571 F.3d 299 (3d Cir. 2009). The court iterates only those facts that directly pertain to the issues on appeal.

Nationwide issued GVH, an installer of commercial and industrial insulation, a policy of liability insurance against claims of asbestos-related injuries arising from GVH's installations between January 30, 1985, and January 30, 1986. On June 12, 1992, GVH, Nationwide, and three other of GVH's insurers, American Insurance Company, American States Insurance Company (ASIC), and Pennsylvania Manufacturers' Association Insurance Company (PMA), entered into an Interim Claims Handling and Settlement Agreement (Agreement) intended to resolve disputes over the processing of claims and the allocation of defense and indemnity resources under their various policies. The Agreement included the following arbitration

---

[1] The District Court's April 9, 2010 Order is a "final decision with respect to an arbitration that is subject to [the Federal Arbitration Act]." *See* 9 U.S.C. § 16(a)(3). A District Court's granting of a motion to compel arbitration that "ends the litigation on the merits" is a final order over which we have appellate jurisdiction. *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 86-89 (2000); *Spinetti v. Serv. Corp. Int'l*, 324 F.3d 212, 215 (3d Cir. 2003).

provision:

> The PARTIES agree that any and all disputes arising out of, or relating to this Agreement, or breach thereof, shall be decided by nonjudicial arbitration which shall be binding on the PARTIES in accordance with 42 Pa, U.P.S.A. section 7341. Notice of the demand for arbitration shall be served in writing upon all other PARTIES to this Agreement.

App. at 72a-73a.

The Agreement also provided that an insurer's obligation to pay defense and indemnity costs continued until the insurer could establish that it had exhausted its policy limits. Nationwide participated in the Agreement through 1995, when it notified GVH that the limits of its policy were nearing exhaustion. In 1996, the policy limits were reached. On May 5, 1997, GVH informed Nationwide that it was "willing to accept" Nationwide's evidence of exhaustion. Nationwide did not provide GVH with a defense or indemnify the payment of asbestos claims after 1997.

In 2005, PMA and ACE Property & Casualty Insurance Company (ACE) – PMA was a party to the Agreement, ACE was not – filed separate lawsuits in the Pennsylvania state courts requesting a declaration of their rights and obligations under the policies they had issued to GVH. Nationwide was not a party to either lawsuit.

In a Complaint filed on March 1, 2005, in the Court of Common Pleas of Allegheny County, PMA sought a declaration that it had exhausted its policy limits and had no further obligation to GVH. Five days after instituting suit, PMA served

3

GVH with an arbitration demand invoking the arbitration clause of the Agreement. GVH rejected the demand and filed counterclaims and a separate lawsuit against PMA asserting breach of contract, bad faith, and a breach of the duty to indemnify and defend. In March of 2005, PMA filed preliminary objections arguing that GVH's counterclaims were also subject to arbitration.

On December 7, 2005, ACE filed a largely identical lawsuit in the Court of Common Pleas of Philadelphia County, which provoked a similar response from GVH. On July 25, 2006, the PMA and ACE actions were consolidated before the Court of Common Pleas of Allegheny County.

On May 20, 2007, the Court of Common Pleas of Allegheny County granted PMA's arbitration demand. In its Order, the Court noted that it would "vacate [its] . . . order and overrule the preliminary objections within ten (10) days . . . [if GVH] sends a notice of withdrawal from the [Settlement] [A]greement." On May 30, 2007, GVH sent notice of its withdrawal from the Agreement to all of the signatories (including Nationwide). On June 22, 2007, as it had promised it would, the state court vacated its May 20, 2007 Order, and overruled PMA's preliminary objections. In its Order, the Court of Common Pleas found that the Agreement had terminated on GVH's filing of its withdrawal notice, and that GVH was no longer bound by the arbitration clause.

On June 7, 2007, American Guarantee and Liability Insurance Co. (AGLIC),

4

another non-party to the Agreement and a defendant in the ACE state court litigation, filed a third-party Complaint against Nationwide for declaratory judgment and for contribution with respect to the defense and indemnification of GVH under its policy. Nationwide answered on August 10, 2007.[2]

On October 19, 2007, GVH tendered new asbestos-related claims to Nationwide (the first since it had accepted Nationwide's assertion of exhaustion in 1997). On February 4, 2008, GVH filed amended cross-claims in the ACE action including, for the first time, claims against Nationwide. In its response to GVH's amended cross-claims, Nationwide invoked the arbitration clause of the Agreement as an affirmative defense. On April 1, 2008, Nationwide sent GVH a letter demanding arbitration under the Agreement. On May 7, 2008, GVH rejected the demand.

On May 13, 2008, Nationwide brought this action in the United States District Court for the District of Western Pennsylvania styled as a Petition to Compel Arbitration. On July, 10, 2008, GVH moved for summary judgment requesting that the District Court abstain from exercising jurisdiction in light of the pending state court actions. On November 8, 2008, Chief Judge Lancaster granted GVH's motion finding that Nationwide was in privity with PMA with which it shared an "identity

---

[2] Although Nationwide listed the right to arbitration among its affirmative defenses, the Agreement did not apply to AGLIC as a non-party.

5

of interest in enforcing the arbitration agreement." The District Court further found that Nationwide was collaterally estopped from invoking the arbitration clause because GVH had been permitted by the Court of Common Pleas to withdraw from the Agreement. As an alternative ground, the District Court cited to the abstention doctrine of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).[3] Nationwide appealed the decision to this Court.

This Court reversed. *See Nationwide*, 571 F.3d at 314. We found that contrary to the District Court's determination, Nationwide and PMA were not in privity and "at the time of the state court's ruling in the PMA Action, Nationwide's interests were not even adverse to [GVH] and so cannot rightly be said to have been aligned with PMA's." *Id.* at 307. We noted that "[a]t that juncture, [GVH] had not even submitted a claim to Nationwide, and there was no arbitrable dispute between the two." *Id.* at 313. With regard to abstention, we found "[t]he circumstances presented in *Moses H. Cone* analogous." *Id.* at 309. Accordingly, we hewed to its holding that the policy favoring arbitration takes precedence even when parties will be required to resolve related disputes in other forums "because the relevant federal law requires piecemeal

---

[3] The Supreme Court in *Colorado River* established narrow grounds for district courts to stay or dismiss federal lawsuits in deference to parallel state proceedings. The Court cautioned that "[a]bstention . . . is the exception, not the rule. . . . [D]ismissal [here] was proper [based] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) (quoting *Colorado River*, 424 U.S. at 817).

resolution when necessary to give effect to an arbitration agreement." *Id.* (quoting *Moses H. Cone*, 460 U.S. at 20-21). Ultimately, we held "that the ruling of the Court of Common Pleas denying arbitration in the PMA action does not serve as a viable basis for the District Court's preclusion order against Nationwide," and remanded the case to the District Court for consideration of the merits of Nationwide's Petition to Compel Arbitration. *Nationwide*, 571 F.3d at 314.

In a comprehensive opinion dated April 9, 2010, Chief Judge Lancaster denied GVH's motion for summary judgment and allowed Nationwide's petition for arbitration. The District Court found that the arbitration demand had been timely filed, and that Nationwide had not waived its right to arbitration by participating in the state court litigation. In this regard, the District Court noted that the bulk of Nationwide's discovery and motion practice had been confined to nonarbitrable matters. GVH then took this appeal.

Our review of a decision on summary judgment is plenary. *See Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ.*, 574 F.3d 214, 218 (3d Cir. 2009). Similarly, plenary review is given to the District Court's determination of a waiver of the right to arbitration. *See Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 199-200 (3d Cir. 2010). We review the court's factual findings for clear error. *Id.* at 200, citing *Zimmer v. CooperNeff Advisors, Inc.*, 523 F.3d 224, 228 (3d Cir. 2008).

In its appeal, GVH focuses on the waiver arguments rejected by the District

Court, that Nationwide by "participating extensively" in the state court litigation waived its right to arbitration, and that the demand for arbitration in any event was untimely and prejudicial causing GVH "unnecessary delay" and "unnecessary expense." GVH contends that had Nationwide truly intended to pursue arbitration from the beginning, its recourse was to seek a stay of the proceedings in the Court of Common Pleas.

We disagree essentially for the reasons stated in the District Court's opinion. There is a strong presumption in the federal law favoring arbitration. *Moses H. Cone*, 460 U.S. at 24-25; *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 219 n.10 (3d Cir. 2007). There is an equally strong presumption against an implied waiver of arbitration rights. *PaineWebber, Inc. v. Faragalli*, 61 F.3d 1063, 1068 (3d Cir. 1995). GVH's argument that the arbitration demand was untimely and caused it prejudice appears to be based more on a rote recitation of the legal standard governing a waiver of arbitration rights than on the actual facts. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 925-926 (3d Cir. 1992). Nationwide's petition was filed less that two months after GVH brought it into the ACE litigation as a third-party defendant. It instituted this action under the Federal Arbitration Act within seven days of GVH's formal rejection of the arbitration demand. And, as the District Court observed, most of the litigation conduct about which GVH complains occurred after the arbitration demand was made.

8

We have even less sympathy for GVH's plaints of prejudice. The District Court had it right. Almost all of Nationwide's discovery involved nonarbitrable matters and the blame for any "unnecessary expense" is to be laid at the feet of PMA and AGLIC, the instigators of the state court litigation, and not Nationwide.

For these reasons, we will affirm the judgment of the District Court.